Schilling *v.* United States Fidelity & Guaranty Co. *et al.*

(Division B. March 5, 1934.)

[152 So. 887. No. 31110.]

J. F. Galloway, of Gulfport, for appellant.

276

G. Wood Magee, of Monticello, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court against Berry & Applewhite, a firm of contractors, and the surety on their bond, United States Fidelity & Guaranty Company. Berry & Applewhite had entered into a contract with the town of Ocean Springs to construct a school building therein, and gave the required performance bond with the appellee United States Fidelity & Guaranty Company, as surety. Appellant was a subcontractor and sued for the amount he claimed due him by Berry & Applewhite. There was a judgment dismissing appellant's suit, from which he prosecutes this appeal.

Sections 5971 to 5976, inclusive, Code of 1930, are the applicable statutes; among other things, they provide their own statute of limitations for subcontractors.

The regular terms of circuit court for Lawrence county are the third Monday of February, and the first Monday of August. This action was brought to the August term, 1933, of the court, and process was personally served more than thirty days before the return term. The first day of the term of the court was the 7th day of August. On that day appellees filed a plea of the general issue and two special pleas, one in abatement of the action, the

other, the statute of limitations, and without giving appellant an opportunity to plead to either of the special pleas took a judgment reciting that the cause was heard on the declaration and the two special pleas, and that the court found that the pleas were well taken, and therefore should be sustained, and so ordered.

Under section 575, Code of 1930, appellees had all of the first day of the term of the court within which to plead. Appellant had the right, if advised that the law and facts justified it, to either demur to the special pleas, take issue on them, or reply thereto. This appellant could not safely do until a later day in the term. It was error, therefore, for the court to render judgment on the two special pleas.

Reversed and remanded.